US DISTRICT COURT EASTERN DISTRICT OF NORTH CAROLINA

------------------------------------------------------------- X     Index: 5:17-cv-608-D

MICHAEL MAROM

                                Plaintiff,

    < against >    **RECEIVED**          **COMPLAINT**

                        DEC 1 1 2017

AUDREY PIEROT     PETER A. MOORE, JR., CLERK
MARK GORDON.       US DISTRICT COURT, EDNC

                                Defendants.
-----------------------------------------------------------------X

Plaintiff Michael Marom, Complaint against Defendants Mark Gordon and Audrey Pierot, alleges as follows:

### Parties in this complaint;

i. The plaintiff herein is a resident of the State of North Carolina. 5448 Apex Peakway #206, Apex, NC 27502

ii. Defendants, Mark Gordon and Audrey Pierot, has a principal place of residence at 13 Elizabeth St. Scarsdale, (Town of Greenburgh), New York.

iii. Defendants, Audrey Pierot, has a principal place of residence at 13 Elizabeth St. Scarsdale, (Town of Greenburgh), New York.

### Basis for Jurisdiction;

Diversity jurisdiction; Plaintiff state of citizenship North Carolina.

        Defendants state of citizenship New York.

### Statement of Claim:

1. By this action, Michael Marom seeks to recover damages for defamatory statements made by Defendants. defendants spoke to 3rd persons and made public statements concerning Michael Marom which were false, defamatory and injurious to my professional and personal reputation.

## Factual History & Background

2. The equities of this request for judicial relief are rooted in the history of this application.

3. The instant controversy is but the most recent chapter in a long and bitter chronology of irrational opposition by adjacent next-door neighbors (defendants Gordon-Pierot) to the construction of a single-family home on a vacant approved, zoning compliant lot in the Town of Greenburgh.

4. A driveway that connects defendants Gordon-Pierot residence to Elizabeth street was cut through the vacant parcel before the land was purchased by me. As soon as I started the construction on my land, Gordon-Pierot initiated a legal action seeking adverse possession on the part of the parcel. The action was ended with a "So ordered" stipulation approved by the Supreme court which did not end the bitter opposition and contentious relations between the parties. Defendants enlisted the political power of Town's Supervisor convincing him to act through Town's criminal court to demolish my perfectly structurally sound house under the pretense that the house is an "eye sour".

5. This extreme and outrageous conduct goes beyond merely the malicious, harmful or offensive. Defendants' conduct seeking the demolition of my house is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

6. Plaintiff who is also a professional builder, constructed what intendent to be a dream home for his family on a vacant parcel of land designated as 201 S. Healy Ave. Greenburgh, NY 10583 (A.K.A 11 Elizabeth St. Greenburgh, NY 10583) which is adjacent to defendants' Gordon-Pierot residence. Currently, the house is 2/3 completed, the structure is enclosed by roof, windows, doors and protects the indoors from the weather (rain, snow etc'.) the structure is engineeracally sound and does not cause any danger to the public of collapse or any other reason to be demolished but to appease defendents Gordon-Pierot vindictive demand from the Town.

7. On November 26, 2016, I received a phone call from the Town of Greenburgh Attorney Timothy Lewis, that said defendant Gordon was able to convince the Town of Greenburgh Supervisor Paul Feiner to start a legal action to demolish my house which is under construction. The house

is currently about 2/3 completed and upon completion will have the estimated market value of about $1.3 million.

8. On April 18, 2017, defendants Gordon-Pierot appeared before the Town board members and knowingly stated defamatory falls facts. Soon after, the town published these facts on the world wide web which is under their direct control.

## FIRST CLAIM FOR RELIEF DEFANATION PER SE

## Against Mark Gordon and Audrey Pierot

(Slander Per Se – Injury to Personal Reputation)

9. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-8 appearing in this Complaint.
10. On April 18, 2017, at the Greenburgh Townhall, 177 Hillside Ave. Greenburgh, NY 10607, defendants Gordon and Pierot intentionally made to the Town Board maliciously, willfully, wantonly, slanderous and libelous statements regarding me personally and the house I am building, which resulted in injury to me and my property. The identification requirement has been met during the Town's board meeting which identified the "Marom construction site" and invited defendants Gordon-Pierot to join in. The following verbatim was used by the defendants:

a) "he has threated to kill me".

b) "He's presently before Judge Grafley in a criminal matter".

c) "he attacked my wife"

d) "also attacked a neighbor across the street".

e) "he has $121,000 judgment from worker's comp".

f) "he didn't have worker's comp insurance".

g) "he is in violation of his set back".

h) "they're afraid of falling into a 40 x 25-foot ditch on the driveway that this man dug".

i) "he is vicious manipulative [inaudiible]".

11. Defendant's Statements forever falsely taint and permanently damaged me, in the eyes of Town Board members, employees, servants, media, friends, Town's residences and the public in large. Media will forever mention my name in the context and fans will forever remember me with ill repute rather than remember his substantial accomplishments.

## SECOND CLAIM FOR RELIEF DEFANATION PER SE

## Against Mark Gordon and Audrey Pierot

(Slander Per Se – Injury to Professional Reputation)

12. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-11 appearing in this Complaint.
13. At the same date and before same forum defendants defamed my professional reputation;

    a. "there is garbage spewed all over the property".

    b. "there are animals living in it".

    c. "there are birds flying in through the eves".

    d. "there's chipmunks breeding in it".

    e. "there are mice running in and out"

    f. "and there is smell that comes out of the house as well".

    g. "got retaining walls between 8 and 14 feet all around the house"

14. Defendant's Statements forever falsely tainted and permanently damaged me, in the eyes of potential buyers of real estate property and intentionally attempted to injure my professional reputation and the integrity of the property. As a result of defendant's false and defamatory statements, the damage will likely face difficulties in obtaining a buyer for the property.

## THIRD CLAIM FOR RELIEF DEFANATION PER SE

### Against Mark Gordon and Audrey Pierot

(Slander Per Se – Accusations of Criminal Conduct)

15. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-14 appearing in this Complaint.

16. The statements above were given as pure facts rather than an opinion and were captured on a video clip which was published on the internet by the Town defendants. The recipients of the communication understood that the defendants intended to refer to me and my house.

    These statements meant to be taken literally, defamed me as a person and my profession as a builder, as such;

    a. Defendants Gordon-Pierot made false and defamatory statements concerning me.

    b. Defendants Gordon-Pierot made unprivileged statements to a third party.

    c. All defendants acted negligently in publishing the communication.

17. Defendants Gordon-Pierot communicated defamatory statements that:
    a. Suggested the I was involved in a crime involving moral turpitude or a felony.
    b. Exposed me to ridicule.
    c. Reflects negatively on my character, morality or integrity.
    d. Impaired my financial well-being.

18. None of the defendants Gordon-Pierot statements (paragraphs 10 & 13)) are true. Defendants Gordon-Pierot have made the defamatory statements with full knowledge of its falsity. The defamatory statements made and published are set out in verbatim, the language used has a precise meaning, it is indefinite and not ambiguous. A reasonable person who view the video stream would conclude that the allegations in question were intendent to be statements of fact and therefore capable of objectively being true. The allegations made are with sufficient particularity to enable the court to determine whether the statements were defamatory.

19. Defendants statements were false and made with actual malice, tended to subject me to ridicule, contempt, public hatred, and disgrace. The context of the defamation rallied the Town to pursue a legal action to demolish the house and the legal strategy how to achieve this objective was discussed during that Town Board meeting and published to the public.

20. As a direct and proximate cause of defendants' statements and actions, I suffered nervousness, headaches, anxiety, loss of self-esteem, depression and other injuries for which I am receiving medical treatment, as well as pecuniary losses, mental suffering, humiliation, embarrassment, and injury to my reputation and profession. Defendants' conduct exceeded all possible bounds of decency. Upon the realization of defendants' very serious pursuit to demolish my house, an extreme severe sleep disorder, marriage breakage, and mental anguish were developed. No reasonable person should have to endure such a plan designed to destroy his house for no other reason than vindictive cause. I am attaching the alleged defamatory Town's board meeting transcript as an Exhibit 1 which is the entire context of the communications or the broader social context surrounding the communication. If defendants would not have published the defamatory statement I would have not suffered the same degree of emotional distress and mental anxiety.

21. Due to a long-standing dispute on property lines, defendants Gordon-Pierot acted with intent and recklessness. Defendants had a subjective awareness of the defamatory statements' probable falsity, or acted with reckless disregard of its truth or falsity. Gordon-Pierot defendants intended to cause severe emotional distress or knew that severe emotional distress is likely to occur. The defendants behaved with deliberate disregard to the high possibility that severe emotional distress will occur and are liable for the intensity and intentional infliction of the prolonged stress. As the result, plaintiff suffered both emotional distress and economic losses

**WHEREFORE**, Plaintiff seeks judgment against defendants, jointly and severally, as follows:

a. Awarding plaintiff all compensatory damages he has suffered, including consequential and incidental damages, as a result of defendant's wrongful conduct in an amount to be determined at trial;

ii. Awarding plaintiff indirect damages; compensation for non-monetary damages such as pain and suffering in the amount of no less than $4,000,000.
iii. Awarding plaintiff special damages of $700,000 for tainting the property as unsellable.
iv. Awarding plaintiff punitive damages in a just amount for defendant's willful and wanton conduct;
v. Awarding plaintiff pre-judgment and post-judgment interest;
vi. Awarding plaintiff costs, expenses and attorney's fees incurred in connection with this action;
vii. Awarding plaintiff such other relief as the Court finds just and proper

I declare under penalty of perjury that the forgoing is true and correct.

Signed this 4 day of December, 2017

Dated:

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Dated: Dec 4, 2017
    Apex, North Carolina