UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL MAROM,
          Plaintiff,

v.

AUDREY PIEROT and MARK GORDON,
          Defendants.
----------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

18 CV 12094 (VB)

Briccetti, J.:

      Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated January 16, 2020 (Doc. #62), with respect to (i) defendant Mark Gordon's motion to dismiss for failure to state a claim and for lack of personal jurisdiction (Doc. #19); (ii) defendant Audrey Pierot's motion to dismiss based on lack of personal jurisdiction (Doc. #23); (iii) plaintiff Michael Marom's motion for default judgment (Doc. #28); (iv) plaintiff's motion for summary judgment (Doc. #34); (v) defendant Gordon's motion for an extension of time to respond to submissions in this case and to enforce a state court stipulation (Doc. #48); and (vi) plaintiff's motion for leave to file additional documents. (Doc. #31).

      Familiarity with the factual and procedural background of this case is presumed.

      In the R&R, Judge McCarthy recommended that the Court (i) grant in part and deny in part defendant Gordon's motion to dismiss for failure to state a claim, and deny as moot defendant Gordon's motion to dismiss for lack of personal jurisdiction; (ii) deny as moot defendant Pierot's motion to dismiss for lack of personal jurisdiction; (iii) deny plaintiff's motion for default judgment; (iv) deny plaintiff's motion for summary judgment; (v) deny defendant Gordon's motion for an extension of time to respond to submissions in this case and to enforce a state court stipulation; and (vi) deny plaintiff's motion to file additional documents. In

1

addition, Judge McCarthy recommended that the complaint be dismissed in its entirety without prejudice, and that plaintiff be granted leave to amend his complaint.

For the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court.

**DISCUSSION**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).[1] The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Both plaintiff and defendant Gordon filed objections to the R&R. (Docs. ## 66, 67, 71, and 72).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff takes issue with Judge McCarthy's recommendations to (i) grant in part defendant Gordon's motion to dismiss for failure to state a claim;[2] and (ii) deny plaintiff's motion for leave to file additional documents.[3]

Plaintiff's objections are overruled.

First, plaintiff argues that a manual for pro se litigants to which he referred while drafting his complaint did not instruct him, "the litigant must prove that the defendant(s) statements were false." (Doc. #72 ("Pl. Mem.") at 1). The Court construes this objection as directed at Judge McCarthy's finding that plaintiff's complaint does not plausibly allege claims for defamation per se and slander because plaintiff has not alleged the falsity of the allegedly defamatory statement. (See Doc. #62 ("R&R") at 10). Moreover, plaintiff's objection indicates he relied on a civil litigation guide for pro se litigants, but such reliance was improper. His claims for defamation per se and slander arise under New York law. And under New York law, plaintiff's complaint must allege certain elements of defamation per se and slander in order to state plausibly such claims, as discussed below. According to Judge McCarthy, plaintiff has not done so.

To state a claim for defamation per se under New York law, plaintiff must allege: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or

---

[2] Judge McCarthy rejected Gordon's other argument in support of his motion to dismiss for failure to state a claim, namely that plaintiff's complaint was barred by the parties' 2014 New York State Court stipulation. Because plaintiff has not objected to Judge McCarthy's recommendation to deny in part Gordon's motion to dismiss for failure to state a claim, such argument will not be addressed herein.

[3] By Order dated February 24, 2020 (Doc. #75), the Court denied Gordon's request to strike plaintiff's objections. Nevertheless, as Gordon correctly points out, plaintiff's objections include allegations "regarding defendants' relationships, their careers, personal and family relationships as well as medical histories." (Doc. #73). These allegations, which Gordon contends are false, are not relevant to the claims plaintiff is pursuing in the instant litigation and will be disregarded by the Court. Plaintiff is advised to refrain from making irrelevant allegations going forward.

3

privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" Gargiulo v. Forster & Garbus Esqs., 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (quoting Dillon v. City of New York, 261 A.D.2d 34, 38 (N.Y. App. Div. 1st Dep't 1999)). To state a claim for slander under New York law, a plaintiff must either plead special damages or allege slander per se, which comprises four categories of statements: "(i) charging plaintiff with a serious crime; (ii) that tend to injure [the plaintiff] in his . . . trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman." Liberman v. Gelstein, 590 N.Y.S.2d 857, 860 (1992). However, courts reject defamation claims in which the plaintiff fails to plead the allegedly defamatory statements were false. See Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 245–47 (2d Cir. 2017) (collecting cases).

The Court agrees with Judge McCarthy that plaintiff fails to state a claim for defamation per se and slander because plaintiff has not adequately alleged defendants' statements were false. (See R&R at 10). Indeed, Judge McCarthy's R&R determined that the complaint lacked "factual information that—if taken as true—disprove the statements made by Defendants," and noted, "Plaintiff appears to concede the truth of some of the alleged statements in his opposition." (R&R at 12).

Plaintiff's other arguments are unpersuasive. For example, plaintiff argues the R&R should be disregarded because the magistrate judge failed to address scienter. To support this assertion, plaintiff cites a securities fraud case from the United States Court of Appeals for the Ninth Circuit. (See Pl. Mem. at 6) (citing Ronconi v. Larkin, 253 F.3d 423, 429 (9th Cir. 2001). However, this is not a securities fraud case, and, as discussed above, scienter is not an element of a claim for defamation per se or slander; thus, this argument is inapposite.

Further, plaintiff argues defendant Pierot allowed defendant Gordon to speak on her behalf, and therefore any statements Gordon made should also be attributed to Pierot. This assertion appears to be in response to Magistrate Judge McCarthy's finding that Pierot did not make the statements at issue at the Town Board meeting, and therefore, "she cannot be at 'fault' for publishing the alleged defamatory statements." (R&R at 13) (citing Thai v. Cayre Group, Ltd., 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010)). The Court agrees with Judge McCarthy, but notes that because plaintiff will have an opportunity to file an amended complaint, plaintiff can allege facts—so long as they are true to the best of his knowledge, information, and belief—indicating defendant Pierot also engaged in the alleged defamation.

Accordingly, the Court adopts Judge McCarthy's recommendation that defendant Gordon's motion to dismiss for failure to state a claim be granted in part, and that plaintiff's complaint be dismissed in its entirety.

Second, plaintiff argues Judge McCarthy should have allowed him to file additional documents at the pleadings stage.

The Court disagrees.

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. (citing Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." Id.

"[W]hen presented with matters outside the pleadings, Rule 12(b) afford[s] two options." Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). The court can either "exclude[] the extrinsic documents," or, if the court elects to include the documents, "the court [is] obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." Id.

Here, Judge McCarthy chose to exclude plaintiff's extrinsic documents. The additional documents plaintiff seeks to incorporate were not included in the complaint, but rather were requested after the fact. (See Doc. #31). These documents include the DVD recording purporting to depict the Town Board meeting, and a letter from the police chief. Plaintiff's objection suggests such evidence would provide additional facts to support his claims. However, such documents, unlike the transcript of the Town Board meeting (see Doc. #1-1), were not incorporated in the complaint and are subject to dispute.

Accordingly, the Court adopts Judge McCarthy's recommendation that plaintiff's motion for leave to file additional documents be denied.

Finally, plaintiff endorses, and defendant Gordon opposes, Judge McCarthy's recommendation that plaintiff be granted leave to file an amended complaint. Although the Court shares Judge McCarthy's skepticism that plaintiff will be able to state a claim (see R&R at 29), the Court also recognizes that Rule 15(a)(2) "relax[es] . . . the limitations on the amendment of pleadings" for pro se plaintiffs. See Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010). Thus, the Court adopts the recommendation that plaintiff be granted leave to amend.

**Plaintiff is advised that any factual allegation in the amended complaint must be true to the best of his knowledge, information, and belief. See Fed. R. Civ. P. 11(b)(3).**

**Also, the amended complaint will completely replace the complaint; therefore, plaintiff must include in the amended complaint all information necessary for his claims.**

## CONCLUSION

Magistrate Judge McCarthy's Report and Recommendation is adopted as the opinion of the Court.

Defendant Gordon's motion to dismiss for failure to state a claim is GRANTED IN PART and DENIED IN PART. As recommended by Judge McCarthy, the amended complaint is dismissed in its entirety without prejudice.

Defendants' motions to dismiss for lack of personal jurisdiction are MOOT.

Defendant Gordon's motion for an extension of time to respond to submissions in this case and to enforce a state court stipulation is DENIED.

Plaintiff's motions for a default judgment, summary judgment, and to file additional documents are DENIED.

Plaintiff is granted leave to file an amended complaint for defamation per se and slander. Plaintiff shall file his amended complaint by no later than April 27, 2020. **If plaintiff fails to file an amended complaint or seek additional time to do so by April 27, 2020, the Court will deem plaintiff to have abandoned this case, and will direct the Clerk to enter judgment in defendants' favor and close the case.**

This action continues to be referred to Magistrate Judge McCarthy for general pretrial supervision and all purposes expect trial. (Doc. #57).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  March 25, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge